# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD C. WALDEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 07-0439-CV-W-DW |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs filed their Complaint in this case on June 15, 2007. The Complaint is identical to the complaint Plaintiffs' previously filed in case No. 06-0963, which the Court dismissed. In so doing, this Court stated that

> "Plaintiffs' Complaint is a laundry list of conclusory allegations. Plaintiffs fail to state which Defendants caused which harm rendering it impossible to glean from the current Complaint what actions were taken by whom. Accordingly, Plaintiffs' claims are dismissed for being conclusory statements of liability and for failure to specify which Defendant was responsible for each of the alleged harms."

Plaintiffs failed to rectify any of the above problems. In fact, Plaintiff's have filed an almost identical Complaint. The Complaint still generically refers to "Defendants" without specifying to whom it is referring. Plaintiffs also fail to address any of the other issues raised by the Court.

Accordingly, for the reasons set forth in this Court's previous Order, which is attached hereto as Exhibit A, Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

September 10, 2007.

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| RICHARD C. WALDEN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 06-0963-CV-W-DW |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

### ORDER

Plaintiffs filed their Complaint on November 28, 2006. Plaintiffs apparently state a claim under 42 U.S.C. § 1983.[1] Defendants thereafter filed numerous Motions to Dismiss. (Doc. 24, 27, 29, 31, 33, 34, 37, 39, 42 and 47). Rather than addressing every argument in these Motions, the Court addresses those arguments that are dispositive to the Complaint in its entirety and two additional arguments specific to numerous Defendants.

### Motions to Dismiss

"Although we view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). When the allegations are conclusory "the court has a duty to measure (the) allegations in light of the factual claims actually made." Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981), *citing* Wilson v. Lincoln Redevelopment

---

[1] Plaintiffs stated in their Response to Defendants' Motion to Dismiss (Doc. 45) that 42 U.S.C. § 1983 does not apply to this case. Plaintiffs argue that, instead, they state a claim under "Title 18 of the Criminal Code." Given that courts ought to construe pro se pleadings liberally, the Court interprets Plaintiffs Complaint as pleading a 42 U.S.C. § 1983 claim. Bracken v. Dormire, 247 F.3d 699, 703 (8th Cir. 2001).

Corp., 488 F.2d 339, 341 (8th Cir. 1973).

Plaintiffs' Complaint is a laundry list of conclusory allegations. Plaintiffs fail to state which Defendants caused which harm rendering it impossible to glean from the current Complaint what actions were taken by whom. Accordingly, Plaintiffs' claims are dismissed for being conclusory statements of liability and for failure to specify which Defendant was responsible for each of the alleged harms. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981) (Where Plaintiff's complaint "set forth no specific facts to support their allegations," the pleading fell short of "the minimum standards upon which a claim of denial of constitutional rights must rest."); Cooper v. Schriro, 189 F.3d 781, 785 (8th Cir. 1999); Coffman v. Nixon, 126 Fed. Appx. 340 (8th Cir. 2005) (dismissing complaint that "did not specify which of the many named defendants was responsible for each of the alleged harms.").

"[T]o state a claim under section 1983, a plaintiff must set forth facts that allege an action performed under color of state law that resulted in a constitutional injury." Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). Plaintiffs failed to allege that any of the TV or Radio Station Defendants, KCTV 5, WDAF 4 TV, KMBC-TV, Marshall Daily Democrat, KMZU Radio, KMMO Radio, and KRLI Radio, were acting under the color of state law. Plaintiffs claims against the TV and Radio Station Defendants are also improper for this reason.

Since "neither a State nor its officials acting in their official capacities are "persons" under § 1983," Plaintiffs' claims against the State of Ohio and the State of Missouri are also improper. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (U.S. 1989).

For the foregoing reasons, Defendants Motions to Dismiss are GRANTED. (Doc. 24, 27, 29, 31, 33, 34, 37, 39, 42 and 47). Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

Date: February 13, 2007  __/s/_DEAN WHIPPLE__
Dean Whipple
United States District Court